JAMES DAL BON
CA BAR #157942
DAL BON AND WANG
12 S FIRST STREET #613
SAN JOSE, CA 95113
ATTORNEY FOR PLAINTIFF

Filed

JUL 3 1 2007

E-FILING

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AURELIO MACIEL MATA,

   Plaintiff,

vs.

EDWARD J. ULRICK dba ULRICO

SERVICES, BOB MONSEN dba

CONSTRUCTION SERVICES, and DAFOE

COMPANY and DOES 1-10

   Defendants

Case No: C07 03915   HRL

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL:
1) Violation of California Labor Code Section 510;
2) Violations of the Federal Fair Labor Standards Act;
3) Violation of California Business and Professions Code Section 17200; and
4) Violation of California Labor Code Section 201;
5) Violation of California Labor Code Section 226.

**NATURE OF CLAIM**

1. This is an action on behalf of AURELIO MACIEL MATA who had been employed on a hourly basis by ULRICO SERVICES, CONSTRUCTION SERVICES, AND DAFOE COMPANY during the last four years prior to the filing of this Complaint, seeking damages arising from employer's failure to pay overtime as required by the Fair Labor Standards Act and the California Wage Orders and statutes. Plaintiff seeks compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, damages for inadequate pay statements under California Labor Code Section 226,

and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

### SUBJECT MATTER JURISDICTION AND VENUE

2. This Court is a proper venue, as all events giving rise to this lawsuit have occurred in this district.

3. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

### PARTIES

4. At all times relevant herein, Plaintiff AURELIO MACIEL MATA is an individual resident of Santa Clara County, California.

5. At all times relevant herein, Defendants ULRICO SERVICES, CONSTRUCTION SERVICES, AND DAFOE COMPANY are construction service business of unknown organizational type in the State of California.

6. All times relevant herein, individual Defendant EDWARD J. ULRICH as an individual doing business as ULRICO SERVICES, in Pescadero, California.

7. All times relevant herein, individual Defendant BOB MONSEN is an individual doing business as CONSTRUCTION SERVICES, in Pescadero, California.

8. Individual Defendants EDWARD J. ULRICK, BOB MONSEN and DOES 1-10, at all times relevant herein, are, according to information and belief, officers, owners, or employees of ULRICO SERVICES, CONSTRUCTION SERVICES, AND DAFOE COMPANY, having control over the Plaintiff's work condition and work situation.

### GENERAL ALLEGATIONS

9. At all times relevant herein, Plaintiff was an employee of defendants ULRICO SERVICES, CONSTRUCTION SERVICES, AND DAFOE COMPANY, construction service companies doing business in Santa Clara County, California.

10. Plaintiff was according to information and belief, an employee of Defendants acting in the normal course and scope of employment duties with Defendants.

11. During the course of Plaintiff's employment with ULRICO SERVICES, CONSTRUCTION SERVICES, AND DAFOE COMPANY, Plaintiff regularly worked in excess of 8 hours per day and more than 40 hours per week.

12. Plaintiff was paid on an hourly basis.

13. Plaintiff did not perform "exempt" duties in his position as a plasterer with ULRICO SERVICES, CONSTRUCTION SERVICES, AND DAFOE COMPANY and thus was not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiff was not even marginally responsible for management or administrative functions, and his primary job did not require him to exercise ~~independent discretion and judgment or regularly require invention or imagination in a~~ recognized field of artistic endeavor more than fifty percent of his working time.

14. At no time during the Plaintiff's employment did Plaintiff maintain any professional license with the state or practice any recognized profession, nor did Plaintiff exclusively manage any division of ULRICO SERVICES, CONSTRUCTION SERVICES, AND DAFOE COMPANY where he customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not directly supervise any employees nor did he participate in the development of general administrative policies of ULRICO SERVICES, CONSTRUCTION SERVICES, AND DAFOE COMPANY

15. Plaintiffs are unaware of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore, they sue these defendants by such fictitious

names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants' are negligently responsible in some manner for the occurrences here in alleged. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants had control over plaintiff's work condition and work situation, and the violations of law as herein alleged were approximately caused by defendants' actions.

16. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names were the agent and employee of each of the remaining defendants, and in doing the things herein after alleged, was acting within the course and scope of this agency and employment.

## COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510
## FAILURE TO PROPERLY PAY OVERTIME WAGES

17. Plaintiff re-alleges and incorporates paragraphs 1-16 as if fully stated herein.

18. California Labor Code Section 501, applicable at all times relevant herein to Plaintiff's employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

19. During the course of employment with Defendants, Plaintiff regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiff overtime wages as required by law.

20. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

21. Defendants therefore owe Plaintiff overtime wages in an amount subject to proof.

22. Defendants have failed and refused and continue to fail and refuse to pay Plaintiff the amount owed.

23. Defendants' failure to pay Plaintiff the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

24. Pursuant to Labor Code Section 1194(a), Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred by him in this action.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PROPERLY PAY OVERTIME WAGES

25. Plaintiff re-alleges and incorporates paragraphs 1-23 as if fully stated herein.

26. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiff was an individual employee covered by virtue of Plaintiff's direct engagement in interstate commerce.

27. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work ~~performed in excess of forty hours per week, unless specifically exempted by the law.~~

28. Although Plaintiff was not so exempt during employment with ULRICO SERVICES, CONSTRUCTION SERVICES, AND DAFOE COMPANY, defendants knowingly caused and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one half of Plaintiff's regular rate of pay.

29. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiff's rights under the FLSA.

30. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages.

31. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff proper wages, and thus defendants

are liable to Plaintiff for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

32. Defendants therefore owe Plaintiff overtime wages in an amount subject to proof.

33. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

### COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201
### FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

34. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-32 as if fully stated herein.

35. At the time Plaintiff's employment with ULRICO SERVICES, CONSTRUCTION SERVICES, AND DAFOE COMPANY was terminated, defendant's owed Plaintiff certain unpaid overtime wages in amounts previously alleged.

36. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

37. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiff for penalties equal to thirty (30) days wages, an amount totaling approximately $3,360.00.

38. Pursuant to Labor Code Section 218.5, Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred in this action.

39. Pursuant to Labor Code Section 218.6, Plaintiff requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

# COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

40. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-38 as if fully stated herein.

41. At all times relevant herein, Plaintiff's employment with ULRICO SERVICES, CONSTRUCTION SERVICES, AND DAFOE COMPANY was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

42. At all times relevant herein, as the employer of Plaintiff, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiff overtime pay as required by applicable California Labor Code and applicable Wage Orders.

43. During the period Plaintiff was employed with ULRICO SERVICES, CONSTRUCTION SERVICES, AND DAFOE COMPANY, defendants failed to pay Plaintiff legally required overtime pay to which he was legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiff.

44. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

45. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiff's rights under the law were violated and the Plaintiff incurred general damages in the form of unpaid wages in an amount subject to proof.

46. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff overtime pay due.

47. Plaintiff, having been illegally deprived of the overtime pay to which he was legally entitled, herein seeks restitution of such wages pursuant to the Business and Professions Code §17203 in an amount subject to proof

## COUNT FIVE: VIOLATION OF CALIFORNIA LABOR CODE SECTION 226 INADEQUATE PAY STATEMENTS

48. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-46 as if fully stated herein.

49. California Labor Code Section 226 provides that all employers shall provide to employees accurate and complete wage statements including, but not to limited to, an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay-period, a complete and itemized statement of deductions, net wages earned, the dates fir which payment is being made, any and all applicable piece rates, and the current address ad name of the employer.

50. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

51. During the course of Plaintiff's employment, defendants consistently failed to provide plaintiff with adequate pay statements as required by California Labor Code §226.

52. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.
53. Defendants' failure to provide such adequate statements has caused injury to the plaintiff.
54. Defendants therefore owe Plaintiff actual damages in an amount subject to proof.
55. Plaintiff has incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

56. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in an amount subject to proof.
57. For liquidated damages per the FLSA equal to unpaid overtime wages in an amount subject to proof.
58. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount subject to proof.
59. For actual damages for inadequate pay statements pursuant to California Labor Code Section 226 in an amount subject to proof.
60. For waiting time penalty damages of thirty days wages to Plaintiff, pursuant to California Labor Code § 203 in the amount of approximately $3,360.00;
61. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);
62. Plaintiff asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;
63. For costs of suit herein; and
64. For such other and further relief as the Court may deem appropriate.

July 24, 2007

                                                     JAMES DAL BON
                                                     DAL BON AND WANG
                                                     12 South First Street #613
                                                     San Jose, CA 95113

COMPLAINT - 10

1 JAMES DAL BON
CA BAR #157942
DAL BON AND WANG
2 12 S FIRST STREET #613
SAN JOSE, CA 95113
3 ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURELIO MACIEL MATA, | Case No: |
| Plaintiff, | DEMAND FOR JURY TRIAL |
| vs. | |
| EDWARD J. ULRICK dba ULRICO SERVICES, BOB MONSEN dba CONSTRUCTION SERVICES, and DAFOE COMPANY and DOES 1-10 | |
| Defendants | |

Plaintiff demands a jury trial.

JAMES DAL BON
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113

COMPLAINT - 11