1  JAMES DAL BON # 157942
   LAW OFFICES OF JAMES DAL BON
2  28 North 1st Street Suite 210
   San Jose, CA 95113
3
   Tel (408)297-4729
4  Fax (408)297-4728

5  Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| AURELIO MACIAL MATA | Case No.: C07-03915 HL |
|---|---|
| Plaintiff<br>vs.<br>ULRICO SERVICES ET AL<br>Defendants | NOTICE OF MOTION TO AMEND THE COMPLAINT, EXTEND THE DISCOVERY DEADLINE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:        June 3, 2008<br>Courtroom    2<br>Time         10:00 am<br>Judge        Howard R. Lloyd |

PLAINTIFFS HEREBY GIVE NOTICE THAT on June 3, 2008 at 10:00am courtroom 2 of the 5th Floor of the United States District Court at 280 South 1st Street, San Jose, CA 95113 will motion the court to amend the complaint to an allegation under Cal. Lab. Code § 2810, under funded contract and to extend the discovery cut off date. The motion is based upon this motion and the attached Memorandum of Points and Authorities.

                                                          s/jdb
                                               JAMES DAL BON
                                               LAW OFFICES OF JAMES
                                               DAL BON
                                               28 North First Street #210
                                               San Jose, CA 95113

1

**Motion to Amend the Complaint**

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SECOND AMENDED COMPLAINT

## STATEMENT OF FACTS

This is simple wage and hour case with some complicating factors. Plaintiff, Aurelio Macial Mata, is a laborer who speaks only Spanish. See Ex. 1. Declaration of Aurelio Macial Mata. Defendants Ed Ulrico, Hal Flanders and Bob Monsen employed Plaintiff in various construction projects in the San Jose area Plaintiff filed a complaint on July 31, 2007 alleging wage and hour violations under state and federal law. The court dismissed Defendant Ed Ulrick dba Ulrico Services and Hal Flanders dba Dafoe Company at the Case Management Conference on February 12 2008. The court dismissed the aforementioned defendants, because Plaintiff did not serve them within 120 days of filing the complaint.

Plaintiff's counsel spent a great deal of time and money trying to locate the defendants Ed Ulrick and Hal Flanders. When the Plaintiff came to his attorney's office he could spell nor pronounce his employers' name. Paychecks written to the Plaintiff by the defendants were the only intelligible evidence of the identity of his employer. See Ex. 2 Paychecks and Ex. 3 Declaration of James Dal Bon. The California State Contractor's website at http://www.cslb.ca.gov/ does not list Hal Flanders or the Dafoe Company as licensed contractors. See Ex 3 and Motion for Judicial Notice. The same website does not list Ulrico Services or Ed Ulrick as licensed contractors during the time period covered by the complaint. The remaining Defendant is Bob Monsen dba Construction Services. Bob Monsen is the only defendant with contractor's license. Bob Monsen was the only Defendant plaintiffs managed to serve.

At the Case Management Conference in February Defendant Bob Monsen presented Plaintiff with copies of a series of contracts between himself and Defendants Ed Ulrick and Hal Flanders for the first time. The packet is more than 262 pages long. The contracts cover the time

period Plaintiff Mata alleges Defendant Monsen employed him in the complaint. Rather than burden the court with 262 pages of contracts, a sample of these contracts is included and marked Plaintiff's Exhibit 4. In the contracts Defendant Monsen lists Construction Services as the general contractor with Ulrico Services or Dafoe Company as subcontractors. Plaintiff's Exhibit 4.

On March 12, 2008 on behalf of other employees, Plaintiffs' counsel filed a state court complaint against Defendant Bob Monsen, Ed Ulrick and other Defendants for state and federal wage and hours violations in state court. This time plaintiff's counsel did serve Defendant Ed Ulrick after he discovered that Mr. Ulrick was hiring day laborers outside of Home Depot in Sunnyvale. Plaintiff's Ex 5

## ARGUMENT

### Amend the Complaint.

Plaintiff requests that the court allow him to amend the complaint to include an allegation under Cal. Lab. § 2810. Section 2810 provides that:

"A person or entity may not enter into a contract or agreement for labor or services with a construction … contractor, where the person or entity knows or should know that the contract or agreement does not include funds sufficient to allow the contractor to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided …

… An employee aggrieved by a violation of subdivision (a) may file an action for damages to recover the greater of all of his or her actual damages or two hundred fifty dollars ($250) per employee per violation for an initial violation and one thousand dollars ($1,000) per employee for each subsequent violation, and, upon prevailing in an action brought pursuant to this section, may recover costs and reasonable attorney's fees. An action under this section may not be maintained unless it is pleaded and proved that an employee was injured as a result of a violation of a labor law or regulation in connection with the performance of the contract or agreement."

**Motion to Amend the Complaint**

Rule 15 of the Federal Rules of Civil procedure mandates that leave to amend be freely granted whenever justice requires. This policy is applied with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). On several occasions the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.' " Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir.1986) (quoting Howey v. United States, 481 F.2d 1187, 1190 (9th Cir.1973) (citations omitted). Thus "[r]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.' " Webb, 655 F.2d at 979 (citing Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406 (9th Cir.1960) (per curiam)).

This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. It is, however, subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice, Acri v. International Ass'n of Machinists, 781 F.2d 1393, 1398-99 (9th Cir.), cert. denied, 479 U.S. 816, 107 S.Ct. 73, 93 L.Ed.2d 29 (1986); United States v. City of Twin Falls, 806 F.2d 862, 876 (9th Cir.1986), is not sought in bad faith, Howey, 481 F.2d at 1190-91, and does not constitute an exercise in futility. Klamath, 701 F.2d at 1293. Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. Loehr, 743 F.2d at 1319; Howey, 481 F.2d at 1190. These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend. Webb, 655 F.2d at 980; Hurn v. Retirement Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir.1981).

Plaintiff wants to plead in the alternative that Defendant Monsen engaged in a series of underfunded contracts with his subcontractors, the former Defendants Hal Flanders and Ed Ulrick. Plaintiff does not move to amend the complaint in bad faith. In this case the Plaintiff speaks Spanish as his native language. There was a great deal of confusion as to who employed

4

**Motion to Amend the Complaint**

him. When Plaintiff first came to his attorney, he could not pronounce his employer's name. The only intelligible evidence of his employer's name was contained on the checks written to him by Bob Monsen and Ed Ulrick. Defendant Monsen claims that his subcontractors Ed Ulrick and Hal Flanders were the Plaintiff's only employers. Plaintiff's counsel did not receive the contracts between Ed Ulrick and Defendant Monsen until the Case Management Conference in February 12, 2008. Plaintiff still asserts that Defendant Monsen was one of his joint employers. If Defendant Monsen wants to shield himself from liability by using these contracts, Plaintiff simply wants the opportunity to demonstrate the contracts are not sufficient to allow Defendant Monsen to avoid paying the Plaintiff overtime.

    Defendants will not be prejudiced by this amendment. Discovery has just begun in this case. As a part of this motion, Plaintiff is asking for more time to conduct discovery. Additionally the amendment is not futile. An expert in estimating the costs of construction projects can evaluate the contracts to determine whether they contained enough funds to cover the wages of the crews run by Defendant Bob Monsen's subcontractors, Ed Ulrick and Hal Flanders. The same expert can issue an opinion on whether a reasonable general contractor should have known whether the contracts contained enough funds to labor costs. There is already evidence that Defendant Monsen should have known there was something wrong with the contracts. With the click of a mouse on the California State Contractor's web site, he would have discovered that neither of his sub "contractors", Hal Flanders or Ed Ulrick, had a license.

    Plaintiff respectfully asserts the court should allow amendment of the complaint. There has been some delay in amending the complaint. However delay in itself is not enough to justify a leave to amend. <u>Webb,</u> 655 F.2d at 980. Thus the court should allow Plaintiff leave to amend the complaint to include an allegation of under funded contracts under Cal. Lab. Code § 2810.

5

**Motion to Amend the Complaint**

### Extend Discovery Deadlines

If the court grants Plaintiff leave to amend the complaint under Cal. Lab. Code § 2810 good cause exists to extend discovery deadlines pursuant to Local Rule 6-3, particularly for Plaintiff and Defendant to obtain an experts to evaluate the contracts. Presently the court has set discovery to close on June 10, 2008, with the pre-trial conference set for September 9, 2009 and the trial set for September 15, 2008. Plaintiff proposes that if the court grants the leave to amend, it push the discovery deadline back ninety days to September 10, 2008. The parties to disclose experts by September 17, 2008 and the close of expert discovery to occur on October 17, 2008. The pre-trial conference to could be set on November 11, 2008 and the trial scheduled for November 17, 2008. This results in only a sixty day delay in the trial.

### Conclusion

The Plaintiff should be allowed leave to amend his complaint to include an accusation against Defendant Monsen under Cal. Lab. § 2810 for underfunded contracts. If leave is granted, the court needs to extend the discovery deadlines to allow time for expert discovery.

April 22, 2008

_____s/jdb_____

James Dal Bon

Attorney for Plaintiff

Motion to Amend the Complaint